IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Theodore Martin,                                          :
                                                         :
                                  Petitioner             :
                                                         :
                        v.                               : No. 239 M.D. 2021
                                                         : Submitted: March 3, 2026
The Secretary of the Department                          :
of Corrections, The Superintendent/                      :
Warden of SCI Huntingdon, The                            :
Clerk of Common Pleas Court of                           :
Philadelphia County,                                     :
                                                         :
                                  Respondents            :


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  July 7, 2026


           The above-captioned matter is presently before this Court following

remand by the Pennsylvania Supreme Court pursuant to the following order:

> . . . [T]he appeal in the above-captioned matter is hereby
> **DISMISSED**.  *See Commonwealth v. Harris*, [32 A.3d
> 243, 248 (Pa.] 2011) ("With limited exceptions,
> Pennsylvania law permits only appeals from final
> orders."); 42 Pa. C.S. §723(a) ("The Supreme Court shall
> have exclusive jurisdiction of appeals from final orders of
> the Commonwealth Court entered in any matter which was
> originally commenced in the Commonwealth Court[.]");
> Pa.R.A.P. 341(b)(1) ("A final order . . . disposes of all
> claims and of all parties[.]").  The Order entered on
> September 6, 2023 in the Commonwealth Court at No. 239
> MD 2021 is hereby **VACATED** insofar as it purports to

dispose of the petition filed against the Superintendent/Warden of [the State Correctional Institution (SCI) at] Huntingdon [(Warden)] and the Clerk of Common Pleas of Philadelphia County [(Clerk and, collectively, Respondents)], because neither of those parties responded to the [*pro se* Petition for a Writ of Habeas Corpus (Petition) filed by Theodore Martin (Inmate)]. This matter is **REMANDED** to the Commonwealth Court for further proceedings consistent with this order.

*Martin v. Secretary of Department of Corrections*, 320 A.3d 1161 (Pa. 2024) (emphasis in original).[1] Accordingly, the Clerk and the Warden have filed preliminary objections (POs) in the nature of a demurrer[2] to the Petition as directed by this Court. We sustain the POs and dismiss the Petition.

---

[1] With respect to the Supreme Court's remand instructions, Pa.R.A.P. 2591(a) states, in pertinent part: "On remand of the record the court . . . below shall proceed in accordance with the judgment or other order of the appellate court[.]" *See also* Section 706 of the Judicial Code, 42 Pa. C.S. §706 ("An appellate court may affirm [or] vacate . . . any order brought before it for review, and may remand the matter and . . . require the entry of such appropriate order . . . as may be just under the circumstances."). "[I]t has long been the law in Pennsylvania that following remand, a lower court is permitted to proceed only in accordance with the remand order." *Commonwealth v. Sepulveda*, 144 A.3d 1270, 1280 n.19 (Pa. 2016).

[2] As we have explained:

> In ruling on [POs], we must accept as true all well-pleaded material allegations in the [Petition], as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain [POs], it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.
>
> A [PO] in the nature of a demurrer admits every well-pleaded fact in the [Petition] and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly

**(Footnote continued on next page…)**

By way of background, Inmate is serving a 45- to 100-year judgment of sentence at SCI Huntingdon for a number of crimes. On March 17, 1994, the Clerk generated Court Commitment Forms (Forms DC-300B) as required for the commitment of Inmate to the custody of Pennsylvania Department of Corrections (DOC). *See* Petition Exhibits L, M, N, and O.[3] On April 4, 2011, DOC issued a Sentence Status Summary to the Inmate, which Inmate disputes in his Petition. *See* Petition Exhibits P, Q, R, and S.

On July 22, 2021, Inmate filed the instant Petition: one seeking mandamus against the Clerk to compel filing or issuance of a writ; and another seeking habeas corpus relief from the Warden, alleging that he is unlawfully confined. More specifically, he "contends that the several [Forms DC-300B] that were issued to [DOC] by the [Clerk] . . . are a nullity and ha[ve] no legal efficacy [] because they are not predicated upon any existing recorded sentences to carry into effect[.]" Petition at 6. Specifically, Inmate "contends that he is entitled the right to be discharged from under several of the [Forms DC-300B] filed in his case, because the [Clerk] was without legal authority to issue [the Forms DC-300B] under the [criminal docket numbers] where there exist no recorded judgments or sentences under those [docket numbers];" and "the [Clerk] knew or should have known that the mandatory prerequisites of [Sections 2756(a)(1) and 2757(3) of the Judicial

---

failed to state a claim for which relief can be granted. When ruling on a demurrer, a court must confine its analysis to the complaint.

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (citations omitted).

[3] Section 9764(a) of the Judicial Code states, in pertinent part: "Upon commitment of an inmate to the custody of [DOC] . . . , the sheriff or transporting official shall provide to the [SCI's] records officer or duty officer, in addition to" Inmate's judgment of sentence, "a copy of the [Form DC-300B] generated from the Common Pleas Criminal Court Case Management System of the unified judicial system[.]" 42 Pa. C.S. §9764(a).

Code,] 42 Pa. C.S. §2756(a)(1) and 2757(3), which mandates the entry of a judgment upon the records of the [trial] court;" and which had not happened "prior to, nor after, the [C]lerk entered a judgment on the several [Forms DC-300B] for his detention under those [docket numbers] in his case." *Id.* at 8.

Based on the foregoing, Inmate asks this Court to "direct[] the [Clerk], and [DOC], and the [Warden] not to give any legal effect to the [Forms DC-300B] on the grounds that such [Forms DC-300B] are null and void," and "to direct the [Clerk] to invalidate or strike from the record the [Forms DC-300B], on the grounds that the [Clerk] had no legal authority to change or increase" the trial court's judgment of sentence, "particularly where no recorded sentence exist[s] within the certified records under those [docket numbers]." Petition at 10.

Following remand, on May 28, 2025, and July 25, 2025, the Clerk and the Warden filed the instant POs in the nature of a demurrer, claiming that Inmate fails to state a valid claim for either habeas corpus or mandamus relief.[4] Specifically,

---

[4] In relevant part, Pa.R.C.P. 1028(a) states, in relevant part:

(a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:

(1) lack of jurisdiction over the subject matter of the action or the person of the defendant, improper venue or improper form or service of a writ of summons or a complaint;

* * *

(4) legal insufficiency of a pleading (demurrer); [and]
* * *

(7) failure to exercise or exhaust a statutory remedy[.]

Pa.R.C.P. 1028(a)(1), (4), and (7).

4

the Clerk asserts the Court lacks jurisdiction over Inmate's claims because mandamus lies in the trial court, not here; and the substance fails under Pa.R.C.P. 1028(a)(4) as it is not a proper habeas respondent because it has no custodial authority. The Warden also filed POs in which he asserts jurisdictional deficiencies and requests dismissal under Pa.R.C.P. 1028(a)(1) and (7), contending mandamus does not lie and procedural prerequisites were not met because Inmate pleads no actionable duty owed by the Warden.[5]

The Clerk cites *Commonwealth ex rel. Strope v. District Attorney of Bradford County*, 789 A.2d 218, 220 (Pa. Super. 2001), *petition for allowance of appeal denied*, 805 A.2d 518 (Pa. 2002),[6] for the proposition that a writ of habeas corpus is properly brought against the institution with custody of the petitioner, and not against a court clerk as herein. A habeas writ tests the "legality of the detention," as explained in *Chadwick v. Caulfield*, 834 A.2d 562 (Pa. Super. 2003), and lies only to correct "void or illegal sentences," citing *Commonwealth ex rel. Butler v. Rundle*, 180 A.2d 923 (Pa. 1962).

In addition, both Respondents rely on Section 761(a)(1)(i) of the Judicial Code, which excludes from this Court's original jurisdiction "actions or proceedings in the nature of applications for a writ of habeas corpus" unless ancillary

---

[5] On August 26, 2025, this Court entered an order denying Inmate's Motion for Declaratory Judgment, Default Judgment, and/or Special Injunction. On September 11, 2025, Inmate appealed our order to the Supreme Court. *See Martin v. Secretary of the Department of Corrections, et al.* (Pa., No. 26 EAP 2025, filed September 11, 2025). Nevertheless, it is appropriate for this Court to continue with our disposition of the merits of the POs filed in our original jurisdiction. *See* Pa.R.A.P. 311(h) ("Pa.R.A.P. 1701(a) shall not be applicable to a matter in which an interlocutory order is appealed under subdivisions (a)(2) or (a)(4) of this rule.").

[6] "In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Compensation Board of Review*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

to the Court's appellate jurisdiction. 42 Pa. C.S. §761(a)(1)(i). The Superintendent further correctly cites *Warren v. Department of Corrections*, 616 A.2d 140 142 (Pa. Cmwlth. 1992), where this Court held that habeas petitions challenging legality of confinement fall outside our original jurisdiction.

Moreover, if the Petition is recharacterized as mandamus, Respondents appropriately rely on the three-part standard from *Saunders v. Department of Corrections*, 749 A.2d 553, 556 n.7 (Pa. Cmwlth. 2000), namely: (1) a clear legal right; (2) a corresponding duty; and (3) no adequate alternative remedy. They urge that mandamus is "extraordinary" and cannot lie in doubtful cases, correctly citing *Bronson v. Board of Probation and Parole*, 421 A.2d 1021, 1023 (Pa. 1980). The Superintendent also accurately cites *McCray v. Department of Corrections*, 872 A.2d 1127, 1133 (Pa. 2002), for the principle that DOC is "charged with faithfully implementing sentences imposed by the courts" and lacks authority to adjudicate or modify sentencing conditions; and *Spotz v. Commonwealth*, 972 A.2d 125, 131 (Pa. Cmwlth. 2009), emphasizing that DOC must rely on the Forms DC-300B transmitted from the sentencing court, even if signed only by the Clerk.

As stated, Inmate's claim is an original habeas challenge to the legality of his confinement. Under Section 761(a)(1)(i) of the Judicial Code, this Court lacks original jurisdiction over standalone habeas actions. Respondents correctly rely on *Warren* and *Brown v. Department of Corrections*, 81 A.3d 814, 815 (Pa. 2013), to demonstrate that such claims must be brought elsewhere. Because jurisdiction is absent, the Petition cannot proceed in habeas corpus.

Even if jurisdiction existed, the Clerk is not Inmate's "custodian" and therefore cannot be compelled through habeas relief. As *Commonwealth ex rel. Strope v. District Attorney of Bradford County*, 789 A.2d 218, 220 (Pa. Super. 2001),

6

makes clear, habeas corpus applies to custodians, not record-keeping officials. Moreover, Inmate identifies no case law imposing a duty on the Clerk to "invalidate" commitment forms. Without a corresponding statutory or ministerial obligation, mandamus cannot lie under *Saunders*.

The Superintendent also correctly relies on *McCray* to show that DOC must implement sentences as transmitted and has no authority to adjudicate sentence legality. Likewise, *Spotz* confirms that DOC may rely on a Form DC-300B even when it is completed by the Clerk and not signed by the sentencing judge. DOC therefore cannot ignore the Forms DC-300B Inmate challenges. Because DOC lacks discretion, Inmate cannot demonstrate a "clear legal right" compelling contrary action, as mandamus requires under *Saunders* and *Bronson*.

In sum, as this Court has explained:

> [DOC] "is charged with faithfully implementing sentences imposed by the courts. As part of the executive branch, [DOC] lacks the power to adjudicate the legality of a sentence or to add or delete sentencing conditions." *McCray*, 872 A.2d at 1133. The [Form DC-300B], despite its "DC" designation, is generated by the sentencing court, and [DOC] cannot modify or disregard it. *See Spotz*, 972 A.2d at 131 ("Even though the [Form DC-300B] was completed on the court's behalf by the clerk and was not signed by the sentencing judge, [DOC] did not err in relying on that form[.]") (quoting *Boyd* [*v. Pennsylvania Department of Corrections*, 831 A.2d 779, 783 n.6 (Pa. Cmwlth. 2003), *aff'd*, 886 A.2d 222 (Pa. 2005)]). If a [Form DC-300B] has an alleged error, the inmate's remedy lies with the sentencing court "for clarification and/or correction of the sentence imposed," not with [DOC]. *See Commonwealth v. Heredia*, 97 A.3d 392, 395 (Pa. Super.), *appeal denied*, 104 A.3d 524 (Pa. 2014) (quoting *Commonwealth v. Perry*, 563 A.2d 511, 512 (Pa. Super. 1989)). Therefore, [the inmate] has failed to state a claim against [the r]espondents upon which relief can be granted concerning his [Form DC-300B].

*Dunbar v. Wetzel* (Pa. Cmwlth., No. 337 M.D. 2019, filed August 30, 2021), slip op. at 10.[7]  Likewise, in the above-captioned matter, this Court may not grant the requested relief.[8]

Accordingly, Respondents' POs in the nature of a demurrer are sustained, and Inmate's Petition is dismissed with respect to all remaining claims against all remaining parties.

_____
MICHAEL H. WOJCIK, Judge

---

[7] Both Respondents also properly note that Inmate may pursue a petition in the sentencing court seeking correction or clarification of sentence.  The Superintendent correctly cites *Heredia* and *Perry* confirming that such relief must come from that Court, and not Respondents.  Mandamus does not lie where another adequate remedy exists.  Finally, both Respondents argue, and our review of the record in this matter confirms, that amendment cannot cure the jurisdictional and structural defects under *Raleigh v. Pennsylvania Human Relations Commission*, 660 A.2d 177, 180 (Pa. Cmwlth 1995).

[8] *See Dunbar*, slip op. at 11, wherein we stated:

> As discussed above, the information contained in sentencing documents comes from the sentencing court; [DOC] relies on the documentation to carry out its duties, but is not authorized to amend or correct this information, adjudicate the legality of a sentence, or add or delete sentencing conditions.  *See McCray*, 872 A.2d at 1133; *Heredia*, 97 A.3d at 395; *Spotz*, 972 A.2d at 131.  Therefore, [the inmate] has failed to state a claim against [the r]espondents upon which relief can be granted concerning the legitimacy or accuracy of his criminal history and [the r]espondents' preliminary objection in the nature of a demurrer will be sustained.

*See also* Docket Sheets, CP-51-CR-1233811-1991, at 5, 7, 8, 9, and 11.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Theodore Martin,              :
                                 :
            Petitioner     :
                                 :
          v.               : No. 239 M.D. 2021
                                 :
The Secretary of the Department   :
of Corrections, The Superintendent/   :
Warden of SCI Huntingdon, The   :
Clerk of Common Pleas Court of   :
Philadelphia County,            :
                                 :
           Respondents   :

# **O R D E R**

AND NOW, this 7th day of July, 2026, the Preliminary Objections in the nature of a demurrer filed by Respondents are SUSTAINED, and Petitioner's Petition for a Writ of *Habeas Corpus* is DISMISSED with respect to all remaining claims against all remaining parties in the above-captioned matter.

_____
MICHAEL H. WOJCIK, Judge